UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROSEMARY LUMPKINS,

    Plaintiff,

v.

JESSE B. BUSHYHEAD, *et al.*,

    Defendants.

Case No. C11-0357RSL

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on a motion for summary judgment filed by defendant Jesse Bushyhead ("defendant"). Defendant contends that plaintiff's claims against him must be dismissed because she failed to commence this lawsuit against him within the statute of limitations. The other defendant, insurance company USAA Casualty Insurance Company ("USAA"), does not join in the motion.

For the reasons set forth below, the Court grants defendant's motion.

## II. DISCUSSION

**A.  Background Facts.**

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 1

This action arises out of an automobile collision between vehicles driven by plaintiff and defendant on November 2, 2007. Plaintiff, who is an inactive Washington attorney, filed the summons and complaint in King County Superior Court on November 1, 2010. The original complaint named two defendants: USAA and James Bushyhead, defendant's father. Plaintiff attempted to serve Jesse Bushyhead on January 28, 2011 but was unsuccessful.

On January 31, 2011, plaintiff served USAA and filed her amended complaint in King County Superior Court, naming Jesse Bushyhead as a defendant for the first time. USAA removed the case to this court on March 2, 2011. Defendant states that he has never been served with the original or amended complaint. Declaration of Jesse Bushyhead, (Dkt. #17) ("Bushyhead Decl.") at ¶ 6.

**B.    Summary Judgment Standard.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, the records show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 2

party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995). "[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Id. at 1221.

**C.     Analysis.**

In Washington, an action for personal injuries must be commenced within three years after the claim accrues. RCW 4.16.080(2). An action is commenced upon filing of the complaint or service of the summons and complaint, whichever occurs first. CR 3. In this case, the claim accrued on the date of the accident, so the statute of limitations ran on November 2, 2010. It is undisputed that plaintiff did not file a claim against defendant or serve him within three years after the claim accrued.

In her surreply, plaintiff argued that her amendment was actually made during the limitations period because defendant "received notice of the action within the period provided by law for commencing the action against him. Under Washington law, an action is deemed commenced if it is filed within the statute of limitations, and it is served upon at least one defendant within 90 days of its filing." Surreply at p. 3. Because that argument was made for the first time in a surreply, the Court did not consider it. Even if it did, the argument is unavailing. The statute on which plaintiff relies provides that if a plaintiff files her action within the limitations period, the action is deemed timely commenced if she also serves at least one defendant within ninety days of filing. RCW

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 3

4.16.170. The 90-day rule does not extend the limitations period. <u>Kiehn v. Nelson's Tire Co</u>, 45 Wn. App. 291, 298 (1986). It "simply allows a plaintiff, who has tentatively commenced an action against a party by filing a complaint just before the pertinent statute of limitations runs, to perfect the commencement of the action by serving that party, even after the statute runs, as long as it is within 90 days of the date the complaint was filed." <u>Id.</u> Plaintiff did not serve defendant within ninety days of filing, so the statute is inapplicable to her claims against him.

Because plaintiff failed to file or serve her claim against defendant within the limitations period, her claim against him will be allowed only if it relates back to the date of the original pleading. Plaintiff filed and amended her complaint in state court, so the Court applies the Superior Court rule, which provides:

> c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

CR 15(c). As the party seeking relation back, plaintiff has the burden of proving compliance with Rule 15(c). <u>See, e.g.</u>, <u>Foothills Dev. Corp. v. Clark County Bd. of County Comm'rs</u>, 46 Wn. App. 369, 375 (1986).

In a case involving similar facts, the Washington Court of Appeals allowed an amendment to relate back. In <u>Nepstad v. Beasly</u>, 77 Wn. App. 459 (1995), following a

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 4

car accident, plaintiff mistakenly sued the insured/owner of the automobile rather than her daughter, the driver of the vehicle. Permitting the amendment to relate back, the court found that the daughter/driver "received sufficient notice of the lawsuit within the applicable statute of limitations that she will not be prejudiced in maintaining her defense on the merits." 77 Wn. App. at 465 (finding that defendant knew about the lawsuit within the limitations period); see also DeSantis v. Angelo Merlino & Sons, Inc., 71 Wn.2d 222 (1967) (holding that the amendment related back when the newly added defendant had actual knowledge of the claim).

In contrast, plaintiff has presented no evidence or even argument that defendant was aware of the lawsuit during the limitations period. Nor would the assumption of such knowledge be reasonable because plaintiff filed her lawsuit just one day before the limitations period expired and did not serve defendant or James Bushyhead during the limitations period. Moreover, defendant has filed a sworn declaration stating that he was unaware of the lawsuit during the limitations period. Bushyhead Decl. at ¶ 7 ("I first became aware of the lawsuit in mid to late November of 2010"); id. at ¶ 4 (explaining that he has not resided with his father since around June of 2009). That declaration is uncontroverted.

Nevertheless, plaintiff argues that the amendment should relate back because her neglect was excusable. Even if that were true, it would not save her claim. An amendment will not relate back if the original omission of the party from the lawsuit resulted from "inexcusable neglect." Teller v. APM Terminals Pac., Ltd., 134 Wn. App. 696 (2006) (quoting Haberman v. Wash. Pub. Power Supply Sys., 109 Wn.2d 107, 174

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 5

(1987)). That rule is "[i]n addition to CR 15's requirements." Id. Therefore, the requirements of Rule 15(c) must still be met, regardless of whether the error resulted from excusable neglect. Id.; see also Foothills Dev. Corp., 46 Wn. App. at 375 ("The absence of any of the CR 15(c) elements is fatal to the relation back of an amended complaint."). Because plaintiff has not met the requirements of Rule 15(c), her amendment does not relate back, and her claims against defendant Jesse Bushyhead are untimely.

**D.     Requests to Strike.**

Both parties have moved the Court to strike materials filed by the opposing party. Defendant's Reply at p. 4 (requesting to strike plaintiff's assertions about what a third party did); Plaintiff's Surreply (requesting to strike a compact disc, the alleged transcript of a recorded statement, and argument about that statement). Because those materials relate to the issue of excusable neglect, which the Court does not reach, the materials are irrelevant and were not considered in ruling on this motion.

### III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendant's motion for summary judgment (Dkt. #15) and dismisses plaintiff's claims against defendant Jesse Bushyhead.

DATED this 29th day of June, 2011.

*MWS Lasnik*
Robert S. Lasnik
United States District Judge